# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| REVEREND JUSTIN CALVIN, ) | CASE NO. 5:22-cv-768 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| STARK COUNTY, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

The matter is before the Court on plaintiff's motion for a preliminary injunction (Doc. No. 3), and defendants' motions to stay this action pending the outcome of plaintiff's state criminal prosecution. (Doc. Nos. 6, 8.[1]) Pro se plaintiff Reverend Justin Calvin ("Calvin") filed an opposition to defendants' motions to stay (Doc. No. 9 (Response)), and defendants filed replies (Doc. Nos. 10, 11.) For the reasons set forth herein, plaintiff's motion for a preliminary injunction is DENIED and defendants' motions to stay are GRANTED.

## I. BACKGROUND

While Calvin and defendants seem to have different accounts of the events underlying this action and the related state criminal prosecution,[2] the parties do agree on some key facts:

---

[1] On June 1, 2022, defendants Justin Downing, Sergeant Heath, Sheriff George T. Maier, and Stark County (collectively, the "Stark County Defendants") filed a combined opposition to Calvin's pending motion for injunctive relief and a motion to stay. (Doc. No. 6.) On June 10, 2022, defendants Joe Pileggi and Kevin L. Sedaris (collectively, the "Officer Defendants") filed a separate motion to stay. (Doc. No. 8.)

[2] At this stage of the proceedings, the Court makes no factual determinations.

1. Calvin tried to attend an event on February 19, 2022, at Trinity Gospel Church in Canton, Ohio (Doc. No. 1 ¶¶ 38–39; Doc. No. 6, at 1[3]; Doc. No. 8, at 1);

2. Identification was required to attend the event to prevent "unwelcome" persons (Doc. No. 1 ¶ 42; Doc. No. 8, at 1);

3. Calvin was told that the identification he provided was insufficient (Doc. No. 1 ¶¶ 55, 57 (fake identification); Doc. No. 6, at 2 (not on guest list); Doc. No. 8, at 2 (false identification));

4. Calvin was arrested and charged with criminal trespass (Doc. No. 1 ¶¶ 53–54, 80; Doc. No. 6, at 2; Doc. No. 8, at 2); and

5. Officers transported Calvin to the Stark County Jail, where he was also charged with obstructing official business after officers asked Calvin for certain identification information, but he refused to provide it (Doc. No. 1 ¶¶ 96–97; Doc. No. 6, at 2; Doc. No. 8, at 2).

Calvin was arraigned in the Canton Municipal Court on February 22, 2022, and pled "non assumpsit," which the magistrate judge changed to not guilty. (Doc. No. 1 ¶¶ 123–24; Doc. No. 8-3, at 2 (Criminal Case Docket).) At a hearing on February 23, 2022, the trial judge scheduled a pretrial hearing for April 20, 2022, with a jury trial set to begin April 25, 2022, and released Calvin on his own recognizance. (Doc. No. 8-3, at 2.) Calvin did not appear at the April 20, 2022 pretrial hearing. (*Id.* at 3.) The judge rescheduled the hearing for April 27, 2022 and warned that Calvin's failure to appear would result in the issuance of a warrant for his arrest.[4] (*Id.*) Calvin did not appear

---

[3] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

[4] After failing to appear for the scheduled pretrial hearing, Calvin filed a pro se motion on April 22, 2022, asking the state court to dismiss the criminal case against him. (Doc. No. 8-3, at 3; *see also* Doc. No. 9-5 (Brief in Support of Motion to Dismiss).) The judge scheduled a hearing on the motion for April 27, 2022 (Doc. No. 8-3, at 3), but denied the motion after Calvin failed to appear at the April 27, 2022 hearing. (*Id.* at 4.)

at the rescheduled April 27, 2022 pretrial hearing. (*Id.* at 4.) The judge issued a warrant for Calvin's arrest on April 27, 2022, and, to date, Calvin remains fugitive.[5] (*Id.*)

On May 11, 2022, Calvin filed the 33-count complaint in this action, challenging the constitutionality of his arrest and subsequent four-night detention in February 2022. Calvin also filed a motion for a preliminary injunction, asking this Court to intervene with the state court proceedings to prevent the State of Ohio from prosecuting him for what he calls "bad faith prosecution that was void of due process," and "trial by ambush." (Doc. No. 3 ¶¶ 3, 6.) The Stark County Defendants filed a combined opposition to Calvin's motion for a preliminary injunction and motion to stay this case pending resolution of Calvin's state criminal proceedings, pursuant to *Younger v. Harris*, 401 U.S. 37, 45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). (Doc. No. 6.) The Officer Defendants also filed a motion to stay this case pursuant to *Younger*. (Doc. No. 8.)

## II. DISCUSSION

*Younger* abstention is appropriate if three criteria are met: (1) there is an ongoing state judicial proceeding (such as a criminal prosecution); (2) the state proceeding implicates important state interests; and (3) the state proceeding provides an adequate opportunity to raise plaintiff's constitutional claims. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008). If these three criteria are met, "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332–33

---

[5] Calvin refutes that he is a "fugitive" (*see* Doc. No. 9 ¶ 40), but the fact is that by failing to appear at two scheduled criminal hearings, which resulted in the issuance of a warrant for his arrest that remains outstanding, he is, under the law, a fugitive. *Appleyard v. Commonwealth*, 203 U.S. 222, 226–27, 27 S. Ct. 122, 51 L. Ed. 161 (1906) ("An alleged fugitive may believe that he has not committed any crime against the laws of the state in which he is indicted, and yet, according to the laws of such state, as admin[i]stered by its judicial tribunals, he may have done so, and his belief or want of belief may be without foundation in law" and does not prevent his being a fugitive from justice.)

(6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Middlesex*, 457 U.S. at 435)).

### A. There Is an Ongoing State Criminal Proceeding

Here, all parties acknowledge that there is a pending state criminal prosecution. (*See* Doc. No. 1 ¶ 164 (seeking injunctive relief from state criminal prosecution); Doc. No. 3 (Motion for Preliminary Injunction) (seeking preliminary injunction to prevent state criminal prosecution); Doc. No. 6, at 4; Doc. No 8, at 4.) This satisfies the first criterion of the *Younger* abstention doctrine. *See Huth v. Hubble*, No. 5:14-cv-1215, 2015 WL 966307, at *5 (N.D. Ohio Mar. 4, 2015) ("Plaintiff cannot dispute the pendency of the state criminal proceedings because the criminal cases are the very proceedings that plaintiff asks this Court to enjoin[.]").

### B. The State Criminal Proceedings Implicate Important State Interest

Second, a state has an important interest in "enforcing [its] laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution." *Younger*, 401 U.S. at 52. Here, Ohio has an important interest in enforcing its criminal statutes regarding orderly public gatherings and the orderly conduct of its citizens. *See Miskowski v. Peppler*, 36 F. App'x 556, 557 (6th Cir. 2002) ("*Younger* abstention applies in this case because . . . the [pending] prosecution involves the important state interest of punishing conduct proscribed by statute[.]"). Accordingly, the second criterion of the *Younger* abstention analysis is met.

### C. Calvin Has Adequate Opportunities To Raise Constitutional Challenges in State Criminal Proceedings

Third, the state trial court proceedings provide Calvin with adequate opportunities to raise his constitutional claims. The Court must presume that the state courts are able to protect the interests of a federal plaintiff, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L.

4

Ed. 2d (1987), and "[a]bstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims." *Am. Family Prepaid Legal Corp.*, 498 F.3d at 334 (emphasis in original) (internal quotation marks and citations omitted). It is plaintiff's burden to show that he is clearly barred from presenting his constitutional claims. *Id.*

Calvin alleges that several of his constitutional rights were violated during his arrest, detention, and state criminal proceedings (*see* Doc. No. 1, at 28–47), but Calvin does not contend that he is clearly barred from raising any of these constitutional challenges in his criminal case— nor could he, because he did. (*See* Doc. No. 9-5 ¶¶ 11, 12 (State Court Motion To Dismiss)). The state trial judge scheduled a hearing on Calvin's motion to dismiss, which raised many of the same constitutional challenges as here, but Calvin did not appear for the hearing. (Doc. No. 8-3, at 4.) Further, to the extent that Calvin claims his Fourth Amendment rights were violated because there was no probable cause to arrest him or charge him with any offense (*see* Doc. No. 9-5 ¶¶ 22, 25, 29–30), this issue is most appropriately addressed during the state court trial, during which the state has the burden to prove that Calvin committed the offenses with which he was charged and, if he chooses, Calvin can present rebuttal evidence and witnesses. Finally, Ohio's appeals process is available to Calvin to pursue his claims, if necessary. Ohio Rev. Code § 1901.30 ("Appeals from the municipal court may be taken . . . [t]o the court of appeals[.]"); *see also Ohio Civ. Rts. Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 629, 106 S. Ct. 2718, 91 L. Ed. 2d 512 (1986) (finding ability to raise issue on appeal is sufficient for *Younger* purposes). Calvin has failed to establish that he is clearly barred from raising his constitutional challenges in his state criminal proceedings and, thus, the third criterion of the *Younger* abstention analysis is met.

### D. No *Younger* Exceptions Are Applicable

Even if all three criteria are met, *Younger* abstention is not appropriate if there is evidence of (1) "bad faith" or "harassment" with respect to state criminal proceedings, or (2) "flagrant

5

unconstitutionality" of the state law at issue. *See Am. Family Prepaid Legal Corp.*, 498 F.3d at 335 (quoting *Squire*, 469 F.3d at 557). *Younger* abstention is also inappropriate if there is "an extraordinarily pressing need for immediate federal equitable relief." *Miskowski*, 36 F. App'x at 557–58 (quoting *Kugler v. Helfant*, 421 U.S. 117, 125, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975)). But these exceptions are narrowly construed and difficult to meet, and it is plaintiff's burden to demonstrate that an exception exists. *Goodwin v. Cnty. of Summit*, 45 F. Supp. 3d 692, 702 (N.D. Ohio 2014).

### 1. There Is No Bad Faith or Harassment

The bad faith/harassment exception is rarely applied. *Tindall v. Wayne Cnty. Friend of the Ct.*, 269 F.3d 533, 539 (6th Cir. 2001). In discussing this exception, the Sixth Circuit has noted that the Supreme Court has applied the bad faith/harassment exception to "only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken–N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 324 n.2 (6th Cir. 2001); *see Dombrowski v. Pfister*, 380 U.S. 479, 490, 85 S. Ct. 1116, 14 L. Ed. 2d 22 (1965)).

Calvin contends that his state criminal case was brought in bad faith (*see* Doc. No. 9 ¶¶ 34–35), but he has provided nothing to support that contention besides his subjective belief that he did not commit the offenses as charged. (*See id.* ¶¶ 38, 41.) Calvin does not contend, nor is there anything in the record to suggest, that Calvin has ever been prosecuted in the past by the City of Canton, or any other city or county in Ohio, related to his attempts to attend events in Ohio. Further, Calvin does not contend that the State does not intend to follow through on his prosecution—in fact, he asks this Court to enjoin those prosecutions. Thus, the Court concludes that the bad faith/harassment exception to *Younger* abstention is not applicable in this case.

### 2. The Criminal Statutes Are Not Flagrantly Unconstitutional

The second exception—"flagrant unconstitutionality"—is only available if the state laws under which plaintiff was charged are "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53–54 (citation and quotation marks omitted). "This exception, however, appears to be even more narrow than the bad faith or harassment exception; the Supreme Court has never found it to be applicable since it first announced the exception in *Younger*." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (citing *Moore v. Sims*, 442 U.S. 415, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979); *Trainor v. Hernandez*, 431 U.S. 434, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977)). "*Younger* itself illustrates the narrowness of . . . [this] exception. In that case, the federal plaintiff could not bring himself within the exception even though the statute under which he was indicted had been effectively invalidated . . . as the Court itself acknowledged." *Id.* at 206 (citing *Younger*, 401 U.S. at 40–41) (further citations omitted).

While there is some question as to whether the Supreme Court has eliminated this exception, that analysis is unnecessary. Even if the exception has not been eliminated, the criminal statutes at issue (trespassing and obstruction of official business) do not fall within this very narrow exception to *Younger*.

### 3. The State Criminal Proceedings Are an Adequate Forum for Calvin's Constitutional Claims

The third exception applies only "when the federal court concludes that the state proceedings are inadequate because there is no available state forum for the plaintiff's constitutional claims . . . or the state judicial or administrative officers have a conflict of interest or are biased[.]" *Cmty. Treatment Ctrs., Inc. v. City of Westland*, 970 F. Supp. 1197, 1225 (E.D.

Mich. 1997) (citing *Gerstein v. Pugh*, 420 U.S. 103, 107–08, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975); *Gibson v. Berryhill*, 411 U.S. 564, 576–78, 93 S. Ct. 1689, 36 L. Ed. 2d 488 (1973)). "While bias is an exception to *Younger* abstention, it is an extraordinary one, and the petitioner alleging such must offer 'actual evidence to overcome the presumption of honesty and integrity in those serving as adjudicators.'" *Danner v. Bd. of Pro. Resp. of Tenn. Sup. Ct.*, 277 F. App'x 575, 580 (6th Cir. 2008) (citation omitted). "'[C]laims of general institutional bias must be harnessed to a further showing, such as a potential conflict of interest, or a pecuniary stake in the outcome of the litigation.'" *Deters v. Drexel*, No. 1:19-cv-562, 2019 WL 7282112, at *3 (S.D. Ohio Dec. 27, 2019) (quoting *Johnson v. Bd. of Bar Overseers of Mass.*, 324 F. Supp. 2d 276, 284 (D. Mass. 2004)); *see also Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 974–75 (S.D. Ohio 2010) (collecting cases of bias established because of pecuniary interest).

As the Court discussed, *supra*, Calvin's pending state criminal proceedings provide an adequate state forum for Calvin's federal constitutional claims. And while Calvin contends that the state trial court judge is biased, he has not pointed to anything in the record that suggests any conflict of interest or pecuniary stake in the outcome of the litigation. Rather, Calvin claims the trial judge is biased because Calvin disagrees with the judge denying his motion to dismiss (Doc. No. 9 ¶ 23), but a trial judge's rulings are not by themselves evidence of bias or prejudice. *Mason v. Burton*, 720 F. App'x 241, 242 (6th Cir. 2017) ("[A] trial judge's rulings . . . 'alone almost never constitute a valid basis for a [finding of] bias or partiality[.]'" (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)). Instead, "dissatisfaction or disagreement with a judge's rulings of law are legal issues subject to appeal" in Ohio. *In re Disqualification of Corts*, 546 N.E.2d 928, 928 (Ohio 1988).

8

To the extent Calvin contends that the trial court judge is biased for denying his motion for a continuance (Doc. No. 9 ¶¶ 28–30), this is far from improper conduct. In fact, the Constitution obligates judges to dispose of criminal trials in a speedy manner. *State v. Sanchez*, 853 N.E.2d 283, 286 (Ohio 2006) ("The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. *Klopfer v. N[orth] Carolina* (1967), 386 U.S. 213, 222–223, 87 S. Ct. 988, 18 L. Ed. 2d 1. Section 10, Article I of the Ohio Constitution also provides an accused 'a speedy public trial.' *State v. Ladd* (1978), 56 Ohio St. 2d 197, 200, 10 O.O.3d 363, 383 N.E.2d 579."); *see also* Ohio Rev. Code § 2945.71 (requiring charges of misdemeanors of the third or fourth degree to be tried within 45 days of arrest and misdemeanors of the first or second degree to be tried within 90 days of arrest). Further, the state trial judge had discretion to deny Calvin's second motion for a continuance after Calvin failed to appear for a previously scheduled final pretrial and the denial does not by itself suggest any judicial bias or conflict of interest. *State v. Unger*, 423 N.Ed.2d 1078, 1080–81 (Ohio 1981) (finding "the trial court did not abuse its discretion in refusing to grant the second continuance" because "the grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge"). The Court finds that there is nothing in the record to suggest that the trial judge in the state criminal case is biased or has a conflict of interest. Therefore, the third exception does not apply.

### III. CONCLUSION

For the reasons set forth herein, plaintiff's motion for a preliminary injunction to enjoin the pending state criminal proceedings against him is DENIED (Doc. No. 3), and defendants' motions to stay are GRANTED. (Doc. Nos. 6, 8.) The Clerk is directed to administratively STAY this action during the pendency of *State of Ohio v. Calvin*, No. 2022CRB00833, filed in the Canton Municipal Court. The parties are to immediately notify the Court upon resolution of the state criminal proceedings against Calvin, at which time the case will be immediately returned to the active docket.

**IT IS SO ORDERED**.

Dated: November 28, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**